**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| YASIN VILLAFANA, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 23-4374 (CCC) (JBC) |
| | : | |
| v. | : | |
| | : | **MEMORANDUM AND ORDER** |
| RONALD L. CHARLES, *et al.*, | : | |
| | : | |
| Defendants. | : | |

*Pro se* plaintiff Yasin Villafana ("Plaintiff"), a pretrial detainee at Essex County Correctional Facility ("ECCF"), seeks to commence a civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 1) and to proceed *in forma pauperis* ("IFP") (ECF No. 5). The Court previously denied Plaintiff's IFP application for failure to provide an account statement for the six-month period preceding the filing of the complaint, and administratively terminated the action. ECF No. 3. Before the Court are Plaintiff's request to reopen the matter (ECF No. 5-1), and second IFP application (ECF No. 5). For the reasons below, the Court will deny Plaintiff's request to reopen and deny his IFP application without prejudice.

A prisoner seeking to commence a civil action without prepayment of the filing fee must submit an affidavit, including a statement of all assets, establishing that the prisoner is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he is or was confined. *Id.*

Here, Plaintiff has again not provided an account statement for the six months immediately preceding the date he filed his complaint. ECF No. 5.[1] Accordingly, the Court will deny Plaintiff's IFP application without prejudice. If Plaintiff provides the Court with certified account statements covering the six-month period prior to the date he filed his complaint, he may request that his case be reopened.

Whether the matter proceeds IFP or Plaintiff pays the filing fee, however, the Court must still screen Plaintiff's complaint and dismiss it if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A & 1915(e)(2)(B). If the Court dismisses the case, the filing fee will not be refunded. Moreover, if Plaintiff has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action IFP unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, **IT IS** on this 22nd day of January, 2024,

**ORDERED** that this matter shall be reopened solely for purposes of this memorandum and order; and it is further

**ORDERED** that the application to proceed *in forma pauperis* (ECF No. 5) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee. This is not a "dismissal" for purposes of the statute of limitations. If the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely; and it is further

---

[1] According to the information on Plaintiff's IFP application, he has been detained at ECCF since May 5, 2022. ECF No. 5 at 2.

**ORDERED** that if Plaintiff wishes to reopen this case, he shall notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Room 4015, Newark, NJ 07101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed IFP application, including a legible certified six-month prison account statement, or (2) the $402 fee; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete IFP application or payment of the filing and administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and a blank IFP application (DNJ-Pro Se-007-A-(Rev.12/2020)) upon Plaintiff by regular U.S. mail.

                                                *s/Claire C. Cecchi*
                                        **HON. CLAIRE C. CECCHI**
                                        United States District Judge